Bronx-Lebanon Hosp. Ctr. v New York State Catholic Health Plan, Inc. (2025 NY Slip Op 01161)

Bronx-Lebanon Hosp. Ctr. v New York State Catholic Health Plan, Inc.

2025 NY Slip Op 01161

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 24572/13|Appeal No. 3792|Case No. 2024-02271|

[*1]Bronx-Lebanon Hospital Center, Plaintiff-Respondent,
v
New York State Catholic Health Plan, Inc., Doing Business as Fidelis Care New York, Defendant-Appellant.

Robinson & Cole LLP, New York (Janet Kljyan of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck (Michael J. Keane of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered February 22, 2024, which denied defendant's motion for partial summary judgment dismissing plaintiff's second and third causes of action, as well as those portions of the complaint predicated upon defendant's denial of medical reimbursement claims that plaintiff failed to timely challenge through defendant's internal procedures, unanimously modified, on the law, to the extent of dismissing the second and third causes of action insofar as they assert, in the alternative to the breach of contract claim, claims for breach of implied contract and unjust enrichment, and remanding the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Supreme Court should have granted the unopposed motion to dismiss plaintiff's second and third causes of action asserting claims sounding in quasi-contract, as there is no dispute that all aspects of the dispute here are governed by the provider agreements at issue (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co. , 70 NY2d 382, 388-389 [1987]).
The court's finding that defendant's motion for summary judgment was precluded because material issues of fact exist as to the accuracy of defendant's corrected exhibit M is not supported by the record. Defendant asserts that it gathered and reviewed business records for the purpose of determining that the 1,227 medical reimbursement claims listed in exhibit M and asserted by plaintiff were not the subject of a timely internal appeal, and defendant's affidavits provide sufficient detail of the processes it used for this purpose. That plaintiff conducted a spot check of exhibit M showing that 14 of the 1,241 claims originally listed in exhibit M were, in fact, the subject of a timely internal appeal and thus erroneously included in the list is not enough to call into question the accuracy of the other listed claims. This conclusion holds especially true because plaintiff had the ability to identify any inaccurately included claims by reviewing the relevant records produced by defendant, as well as by reviewing its own records of claims that it appealed in accordance with defendant's internal appeal procedure.
Even though we find the court's questioning of the accuracy of exhibit M unsupported by the record, summary dismissal of the 1,227 reimbursement claims asserted by plaintiff is still not warranted because unresolved legal issues remain — specifically, substantive arguments regarding contractual terms in the provider agreements as well as the proper interpretation of Insurance Law article 49. Therefore, the matter is remanded for a determination of the outstanding substantive legal issues
not addressed in the order on the summary judgment motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025